IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILFORD WASHINGTON., <br><br> Plaintiff, <br><br> v. <br><br> UNITED TN HOLDINGS, INC., TOYOTA MOTOR CREDIT CORP., <br><br> Defendants. | CIVIL ACTION FILE NO. 1:23-cv-01301-LTW |

**FINAL ORDER**[1]

The matter before the Court is Plaintiff's Motion to Remand. [Doc. 7].[2] For the reasons explained below, Plaintiff's Motion ([Doc. 7]) is **GRANTED**, and this action is **REMANDED** to the Superior Court of Dekalb County, Georgia.

**BACKGROUND**

Plaintiff filed this suit against Defendant Toyota Motor Credit Corporation ("TMCC") and Defendant United TN Holdings, Inc. ("United") in Dekalb Superior

---

[1] The parties consented to the undersigned conducting all proceedings and ordering the entry of a final judgment. [Doc. 18].

[2] The docket contains two Motions to Remand. [Docs. 7, 11]. As Plaintiff explains in a letter, the first "is the corrected" motion and "the motion to be filed." [Doc. 7 at 45].]

Court, asserting purely state law claims. [Doc. 1-1 at 12–32]. Plaintiff seeks over $100,000 in total. [Doc. 1-1 ¶¶51, 58]. Defendant TMCC removed the case to this Court based on diversity jurisdiction. [Doc. 1 at 1]. Plaintiff timely filed a Motion to Remand ([Doc. 7]), Defendant TMCC responded ([Doc. 12]), and Plaintiff did not file a reply.

## LEGAL STANDARD

While a defendant has the right "to remove in certain situations, plaintiff is still the master of his own claim." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing[.]" Id. "A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law." Sibilia v. Makita Corp., 674 F. Supp. 2d 1290, 1291 (M.D. Fla. 2009). The "defendant's burden of proof [is] a heavy one" because "removal statutes are construed narrowly," and "uncertainties are resolved in favor of remand." Burns, 31 F.3d at 1095.

## LEGAL ANALYSIS

Plaintiff's Motion to Remand raises a host of arguments, almost all of which are unpersuasive for the reasons explained in Defendant TMCC's response. But one issue raised by Plaintiff demonstrates a fatal defect in the removal. Plaintiff filed this suit against TMCC and United—more specifically, "United TN Holdings, Inc." [Doc. 1-1

at 12–32]. TMCC asserts, without explanation, that United "was improperly named" and that the other "Defendant" is "United Recovery and Remarketing, LLC and UAR Direct, LLC." [Doc. 1 ¶3]; [Doc. 12 at 1 n.1]. But Plaintiff insists United TN Holdings, Inc., is "the correctly named party defendant." [Doc. 7 at 2 n.1]. That matters because United TN Holdings, Inc., was formed under the laws of the State of Georgia, making it a Georgia citizen. [Doc. 7 at 17]; 28 U.S.C. § 1332(c)(1).

Plaintiff appears to argue that removal based on diversity jurisdiction is improper because a defendant is a citizen of the forum state—Georgia. [Doc. 7 at 2–7].[3] Removal based solely on diversity jurisdiction is prohibited "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) ("When a defendant removes a case to federal

---

[3] Plaintiff's argument is, admittedly, confusing. The heading for the section is "Complete Diversity DOES NOT exist," but Plaintiff never asserts that any Defendant is a citizen of Washington, D.C., like Plaintiff is. [Doc. 7 at 2–7]; see also [Doc. 1 ¶1]. Additionally, Plaintiff's argument primarily focuses on his contention that an unnamed entity is a citizen of Georgia. See [Doc. 7 at 2–7]. But Plaintiff also notes that United TN Holdings, Inc., is a Georgia entity, and the Court must liberally construe his arguments. [Doc. 7 at 2 n.1]; see also Nazer v. Fed. Bureau of Investigation, No. 17-12582-JJ, 2018 WL 6567544, at *1 (11th Cir. Aug. 31, 2018) ("*Pro se* filings are held to a less stringent standard than those drafted by attorneys and are liberally construed."). Doing so, the Court understands Plaintiff's argument to be that removal based on diversity jurisdiction is improper because a "defendant[ ] is a citizen of the State in which [the] action [was] brought." See 28 U.S.C. § 1441(b)(2).

court on diversity grounds, a court must remand the matter back to state court if any of the properly joined [defendants] are citizens of the state in which the suit was filed."). The question then is whether United TN Holdings, Inc., is a "part[y] in interest properly joined and served as [a] defendant[.]" See 28 U.S.C. § 1441(b)(2).

TMCC's assertion that United TN Holdings, Inc., "was improperly named" can be interpreted one of two ways. [Doc. 1 ¶3]; see also [Doc. 12 at 1 n.1]. First, it could mean that Plaintiff incorrectly named the defendant—a misnomer. That did not happen here. A misnomer occurs when "the plaintiff has the wrong name of the right party." Pears v. Mobile Cnty., 645 F. Supp. 2d 1062, 1082 (S.D. Ala. 2009) (quoting Athmer v. C.E.I. Equipment Co., 121 F.3d 294, 296 (7th Cir.1997)). Here, there is no dispute that United TN Holdings, Inc., is a real Georgia company. See [Doc. 7 at 17]. Instead, United TN Holdings, Inc., asserts, "The wrong entity was sued and served in this matter." [Doc. 6 at 1]. That is not a misnomer; it is "mistaken identity." See Pears, 645 F. Supp. 2d at 1082 (quoting Athmer, 121 F.3d at 296 for the proposition that "in a case of mistaken identity the plaintiff has named the wrong party"); see also Foskey v. Vidalia City Sch., 258 Ga. App. 298, 300, 574 S.E.2d 367, 370 (2002) (holding that "where there is an actual corporation by the same name" alleged in the complaint, there must be a "change in parties . . . because the plaintiff has sued and served the wrong corporate entity . . . and not served the right defendant under the wrong name").

Alternatively, TMCC's statement that United TN Holdings, Inc., "was improperly named" could be construed as an argument that the entity was fraudulently joined to prevent removal. See [Doc. 1 ¶3]; see also [Doc. 12 at 1 n.1]. But TMCC's naked assertion does not meet the "heavy" burden needed to show fraudulent joinder. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). TMCC would have to show "either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997)). Neither situation applies here. There is no suggestion of fraudulent "jurisdictional facts"; United TN Holdings, Inc., is a Georgia company. [Doc. 7 at 17]. And Defendants have not shown that Plaintiff has "no possibility" of establishing a cause of action against United TN Holdings, Inc.

Again, TMCC simply asserts, without any explanation or evidence, that United TN Holdings, Inc. is "improperly named." [Doc. 1 ¶3]; [Doc. 12 at 1 n.1]. Likewise, United's Answer says, "The wrong entity was sued and served in this matter. Specifically, UAR Direct, LLC is the proper party, not United TN Holdings, Inc." [Doc. 6 at 1]. Neither statement is the kind of evidence that could rebut the allegations in Plaintiff's complaint. Pacheco, 139 F.3d at 1380 ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's

pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."). The Court must decide if the Complaint "states even a colorable claim against" United TN Holdings, Inc. Id. In doing so, the Court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Id.

According to Plaintiff, United TN Holdings, Inc., acting on behalf of TMCC, repossessed Plaintiff's vehicle, surreptitiously avoiding reporting the repossession as required by Georgia law. [Doc. 1-1 at 15]. TMCC then allegedly lied to Plaintiff about the repossession of the vehicle. [Id. at 16]. Plaintiff further claims that TMCC failed to provide proper notice before the repossession, that his "vehicle is valued at $19,872.00," and that he owed less than $11,150. [Id. at 17–21]. Additionally, the alleged deceit by United TN Holdings, Inc., "induced [Plaintiff] to file a total loss claim for his vehicle with [his insurance company]." [Id. at 15–16]. That resulted in TMCC receiving nearly $15,000 from the insurance company. [Id. at 21]. Plaintiff has "asked Defendants to return his vehicle," and they have not done so. [Id. at 27]. Plaintiff asserts, *inter alia*, a claim for conversion because Defendants have "exercise[d] wrongful dominion and control over [his] vehicle." [Id. at 24].

Taking Plaintiff's allegations as true, he states at least a colorable claim for conversion against United TN Holdings, Inc. See City of Atlanta v. Hotels.com, L.P.,

332 Ga. App. 888, 891, 775 S.E.2d 276, 279 (2015) ("To establish a claim for conversion, a plaintiff must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property."). Plaintiff may be wrong about which company repossessed the vehicle. That would be a strong defense, which is presumably why United lists it first. [Doc. 6 at 1]. But at this time there is no evidence to rebut Plaintiff's assertions, and any doubts must be resolved in his favor. Pacheco, 139 F.3d at 1380.

United was not "improperly named," as TMCC claims. United TN Holdings, Inc., is a real Georgia company, and Plaintiff is adamant it is the company he meant to name. [Doc. 7 at 2 n.1]. There is no misnomer. See Pears, 645 F. Supp. 2d at 1082. And as discussed above Defendants have not met the heavy burden needed to show Plaintiff fraudulently named United to thwart removal. See Pacheco, 139 F.3d at 1380. Because a Georgia Defendant was "properly joined and served," removal based on diversity jurisdiction was improper. See 28 U.S.C. § 1441(b)(2).[4]

---

[4] The Court also observes that United did not join in or (properly) consent to the removal. The Notice of Removal is signed only by TMCC's counsel, with a paragraph reading, "Defendant United consents to removal of this action to federal court." [Doc. 1 ¶9]. "[T]he majority view is that the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder." Newman v. Spectrum Stores, Inc., 109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000) (quoting Production Stamping Corp. v. Maryland Cas. Co., 829 F.Supp. 1074, 1078

Having decided that remand is appropriate, the Court must address Plaintiff's assertions that he is entitled to "litigation fees and costs" pursuant to 28 U.S.C. § 1447(c). [Doc. 7 at 12]. Absent unusual circumstances, the Court "may" award costs under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). As in Martin, the Court considers this a "close question," but decides that an award of fees is not warranted. See id.

The Court agrees that the amount in controversy and diversity of citizenship requirements for removal were met. See [Doc. 12 at 3–8]. But removal based on diversity was still improper because a Georgia Defendant was "properly joined and served." See 28 U.S.C. § 1441(b)(2). That should have been evident on the face of the Complaint, as Plaintiff clearly named United TN Holdings, Inc., as a Defendant and provided documentation showing it is a Georgia company. [Doc. 1-1 at 34]. TMCC's unadorned assertion that United TN Holdings, Inc., was "improperly named" did not make this case removable, as discussed above. See [Doc. 1 ¶3]. Defendants cannot rewrite Plaintiff's Complaint—swapping one company for another—to make this action removable. Still, the use of the permissive "may" in § 1447(c) means that an

---

(E.D.Wis.1993)). This is not a basis for remand, however, because Plaintiff waived any argument that United's consent was defective. See [Doc. 7 at 10].

award of costs is a matter of discretion. 28 U.S.C. § 1447(c). The Court, in its discretion, decides an award of costs is unwarranted.

## CONCLUSION

Plaintiff's Motion to Remand ([Doc. 7]) is **GRANTED**. The Clerk is **DIRECTED** to remand this case to the Superior Court of Dekalb County, Georgia, and **CLOSE** this case. All other pending motions [Doc. 3, 9, 11, 13] are **DENIED as MOOT**.

**SO ORDERED**, this __7__ day of July, 2023.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE